O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEVYLLA D. WILDER, | ) | NO. ED CV 06-884-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.


## PROCEEDINGS


        Plaintiff filed a complaint on August 14, 2006, seeking review
of the Commissioner's denial of benefits.  The parties filed
a consent to proceed before a United States Magistrate Judge on
September 21, 2006.  Plaintiff filed a motion for summary judgment on

1  January 25, 2007.  Defendant filed a cross-motion for summary
2  judgment on February 23, 2007.  The Court has taken both motions
3  under submission without oral argument.  See L.R. 7-15; "Order,"
4  filed August 17, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

8       Plaintiff, a former casino dealer, asserts disability since
9  2002, based on a variety of alleged impairments (Administrative
10 Record ("A.R.") 60-62, 362-72).  Plaintiff's treating physician
11 opined Plaintiff is disabled from all employment (A.R. 175-82).
12 Plaintiff testified to allegedly disabling symptomatology (A.R. 362-
13 72).

15      The Administrative Law Judge ("ALJ") found Plaintiff has
16 severe impairments but retains the residual functional capacity to
17 perform light work, including her past work (A.R. 24).  The ALJ
18 deemed the treating physician's opinion unsupported, but did not
19 attempt further to inquire of the treating physician regarding the
20 basis for the opinion (A.R. 23).  The ALJ found Plaintiff not
21 credible because, inter alia, Plaintiff previously drew unemployment
22 insurance (A.R. 23).  The Appeals Council denied review (A.R. 6-9).

**STANDARD OF REVIEW**

26      Under 42 U.S.C. section 405(g), this Court reviews the
27 Commissioner's decision to determine if: (1) the Commissioner's
28 findings are supported by substantial evidence; and (2) the

1  Commissioner used proper legal standards.   See Swanson v. Secretary,

2  763 F.2d 1061, 1064 (9th Cir. 1985).

3

4                              **DISCUSSION**

5

6        A treating physician's conclusions "must be given substantial

7  weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see

8  Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

9  give sufficient weight to the subjective aspects of a doctor's

10 opinion . . .  This is especially true when the opinion is that of a

11 treating physician") (citation omitted).  Even where the treating

12 physician's opinions are contradicted,[1] "if the ALJ wishes to

13 disregard the opinion[s] of the treating physician he . . . must make

14 findings setting forth specific, legitimate reasons for doing so that

15 are based on substantial evidence in the record."  Winans v. Bowen,

16 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

17 omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may

18 disregard the treating physician's opinion, but only by setting forth

19 specific, legitimate reasons for doing so, and this decision must

20 itself be based on substantial evidence") (citation and quotations

21 omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989)

22 ("broad and vague" reasons for rejecting the treating physician's

23 opinions do not suffice).

24 ///

25        Section 404.1512(e) of 20 C.F.R. provides that the

26 _____

27        [1]    Rejection of an uncontradicted opinion of a treating
   physician requires a statement of "clear and convincing" reasons.
28 Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v.
   Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

                                    3

1   Administration "will seek additional evidence or clarification from

2   your medical source when the report from your medical source contains

3   a conflict or ambiguity that must be resolved, the report does not

4   contain all of the necessary information, or does not appear to be

5   based on medically acceptable clinical and laboratory diagnostic

6   techniques."  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.

7   1996) ("If the ALJ thought he needed to know the basis of Dr.

8   Hoeflich's opinions in order to evaluate them, he had a duty to

9   conduct an appropriate inquiry, for example, by subpoenaing the

10  physicians or submitting further questions to them.  He could also

11  have continued the hearing to augment the record") (citations

12  omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.

13  1983) ("the ALJ has a special duty to fully and fairly develop the

14  record and to assure that the claimant's interests are considered").

15  In the present case, the ALJ erred by rejecting the treating

16  physician's opinion as allegedly unsupported without first attempting

17  to recontact the treating physician regarding the basis for the

18  opinion.  Id.

19

20       The ALJ also erred in the evaluation of Plaintiff's

21  credibility.  When an ALJ determines that a claimant's testimony

22  regarding pain and other subjective symptoms is not credible, the ALJ

23  must make "specific, cogent" findings, supported in the record, to

24  justify the ALJ's determination.  See Lester v. Chater, 81 F.3d 821,

25  834 (9th Cir. 1996); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th

26

27

28

                                    4

1 | Cir. 1990); <u>Varney v. Secretary</u>, 846 F.2d 581, 584 (9th Cir. 1988).[2]

2 | "The ALJ must state specifically which symptom testimony is not

3 | credible . . ." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir.

4 | 1996); <u>see also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 503 (9th Cir. 1989)

5 | (ALJ should indicate "which pain testimony was not credible"); <u>Varney</u>

6 | <u>v. Secretary</u>, 846 F.2d 581, 584 (9th Cir. 1988) (ALJ should "isolate

7 | particular complaints of pain and discuss the evidence suggesting

8 | that those complaints are not credible").

9 |

10 | In the present case, the ALJ included among the reasons for

11 | rejecting Plaintiff's credibility the fact that Plaintiff "drew a

12 | full round of unemployment insurance which required repeated

13 | certification of being ready, able and willing to work, completely

14 | inconsistent with a claim of disability during that period" (A.R.

15 | 23). The Ninth Circuit specifically has rejected as a basis for

16 | finding a claimant not credible the claimant's holding out of himself

17 | or herself as being able to work during the period of alleged

18 | disability. <u>See</u> <u>Webb v. Barnhart</u>, 433 F.3d 683, 687-88 (9th Cir.

19 | 2005). A claimant's representation of an ability to work would seem

20 | significantly relevant to the credibility of testimony alleging an

21 | inability to work. Nevertheless, this Court must apply the law of

22 | <u>Webb v. Barnhart</u> and discern error in the ALJ's decision. <u>See</u> <u>Zuniga</u>

23 |

24 | [2]   In the absence of evidence of "malingering," many Ninth

25 | Circuit cases have applied the arguably more rigorous "clear and convincing" standard. <u>See</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 873

26 | (9th Cir. 2003); <u>Ballard v. Apfel</u>, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the

27 | finding discussed herein does not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard,

28 | so the distinction between the two standards (if any) is academic.

1  v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987) ("District

2  Courts are, of course, bound by the law of their own circuit . . .").

3

4       When a court reverses an administrative determination, "the

5  proper course, except in rare circumstances, is to remand to the

6  agency for additional investigation or explanation." INS v. Ventura,

7  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

8  proper where, as here, additional administrative proceedings could

9  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

10  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

11  1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d

12  871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated

13  invalid reasons for rejecting a claimant's excess pain testimony).[3]

14

15       The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

16  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

17  compel a reversal rather than a remand of the present case.  In

18  Harman, the Ninth Circuit stated that improperly rejected medical

19  opinion evidence should be credited and an immediate award of

20  benefits directed where "(1) the ALJ has failed to provide legally

21  sufficient reasons for rejecting such evidence, (2) there are no

22  outstanding issues that must be resolved before a determination of

23  disability can be made, and (3) it is clear from the record that the

24  ALJ would be required to find the claimant disabled were such

25  evidence credited." Harman at 1178 (citations and quotations

26

27       [3]    The Court has not reached any of the other issues raised

28  by Plaintiff, except insofar as to determine that Plaintiff's
    arguments in favor of reversal rather than remand are unpersuasive.

1  omitted).  Assuming, _arguendo_, the <u>Harman</u> holding survives the
2  Supreme Court's decision in <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002),[4]
3  the <u>Harman</u> holding does not direct reversal of the present case.
4  Outstanding issues still must be resolved before a determination of
5  disability can be made.  Further, it is not clear from the record
6  that the ALJ would be required to find Plaintiff disabled for
7  the entire claimed period of disability were the opinion of the
8  treating physician credited.

10                              **CONCLUSION**

12       For all of the foregoing reasons, Plaintiff's and Defendant's
13  motions for summary judgment are denied and this matter is remanded
14  for further administrative action consistent with this Opinion.

16       LET JUDGMENT BE ENTERED ACCORDINGLY.

18            DATED:  March 2, 2007.

20                        _____/S/_____
                                    CHARLES F. EICK
21                        UNITED STATES MAGISTRATE JUDGE

27       [4]   The Ninth Circuit has continued to apply <u>Harman</u>, despite
28  <u>INS v. Ventura</u>.  <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th
Cir. 2004).